

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ALEXANDRA CORSI**
*Senior  Counsel*
phone: (212) 356-3545
fax: (212) 356-3509
acorsi@law.nyc.gov

July 27, 2026

**BY ECF**
Honorable Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *Jamal, et al. v. Hochul, et al.*
             25 CV 6332 (NSR)

Your Honor:

      I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney the City of New York defendants in the above-referenced matter. Pursuant to Your Honor's June 15, 2026 order, defendants respectfully submit this letter in anticipation of their motion to dismiss the Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12.  As Your Honor is aware, the Court has already endorsed a proposed motion schedule with briefing scheduled to commence on September 30, 2026.

      By way of background, Plaintiffs Amani Jamal, Kaelin Martin, Lily Ellinghaus, and William Christopher Cavallo bring this 42 U.S.C. §1983 action against a number of defendants, including, but not limited to, New York City Department of Environmental Protection Officers Frank Lynch, Christopher Sharp and Kevin Schwartz (hereinafter "City Defendants").  Plaintiffs allege that their constitutional rights were violated during a protest that occurred on the SUNY Purchase campus on May 2, 2024.  City Defendants now submit this letter in anticipation of their Rule 12 motion to dismiss.

      As an initial matter, there are simply no factual allegations in the SAC concerning the individual City Defendants.  Instead, Plaintiffs rely on group pleading, which is insufficient to meet the pleading standard as the allegations to not put the City Defendants on notice of the claims asserted against them. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("A complaint need not "be a model of clarity of exhaustively present the facts alleged, [but] it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'")   Moreover, to satisfy Rule 12(b)(6), Plaintiffs must make specific factual allegations against *each* defendant, and "advise each defendant of the wrongful

conduct charged against that defendant." *Soto v. City of New York*, No. 22 CV 4966 (ENV) (E.D.N.Y. Jan. 17, 2026). "Where a plaintiff 'lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct . . . [t]he complaint fail[s] to satisfy this minimum standard' and dismissal of each claim, if not the entire complaint, is appropriate." *McFadden v. Keyser*, No. 23 CV 802 (NSR), 2025 U.S. Dist. LEXIS 51891, at *8 (S.D.N.Y. Mar. 18, 2025) (quoting *Atuahene*, 10 F. App'x 33, 34).

Additionally, under a §1983 claim, an individual may be held liable only if that individual is "personally involved in the alleged deprivation." *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015). Because vicarious liability is inapplicable in a § 1983 suit, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution. *Id.* at 314. Liability will not be imputed to an official merely on the basis of *respondeat superior*. *See Wallace v. Conroy*, 945 F. Supp. 628 at 637 (S.D.N.Y. 1996). Here, Plaintiffs bring a number of §1983 claims against "defendants" generally, including excessive force, malicious prosecution, denial of a right to fair trial, and violations of the first amendment and due process, yet fails to include a single factual allegation as to how any of the City Defendants were involved in the incident or what they did. Accordingly, Plaintiffs' complaint fails to state a claim for any §1983 violations.[1]

City Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/ *Alexandra Corsi*

Alexandra Corsi
*Senior Counsel*

cc:    All counsel of record (by ECF)

---

[1] City Defendants intend to make similar arguments regarding Plaintiffs' state law claims.