

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Jennifer E. Sherven**
JSherven@kaufmandolowich.com

**Shiddhartha Uddin**
Shiddhartha.Uddin@kaufmandolowich.com

July 27, 2026

**<u>VIA ECF</u>**
Hon. Nelson Stephen Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> **Re:** ***Amani Jamal, et al. v. Hochul, et al.***
> <u>**Case No. 25-cv-06332 (NSR)**</u>

Dear Judge Román:

This firm represents the defendant Village of Larchmont ("Larchmont"). Larmont submits this letter pursuant to Your Honor's June 15, 2026 Order in anticipation of Larchmont's Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC"), filed by Plaintiffs Amani Jamal, Kaelin Martin, Lily Ellinghaus, and William Christopher Cavallo (collectively, "Plaintiffs"). *See* ECF Docket No. 47. As Your Honor is aware, the Court has endorsed a proposed motion schedule for all Defendants, including Larchmont, with briefing scheduled to commence on September 30, 2026.

At the outset, Larchmont seeks dismissal of the SAC for multiple procedural deficiencies, including Plaintiffs' utter failure to comply with General Municipal Law § 50-H. Larchmont requested and noticed Examinations Under Oath pursuant to § 50-H, and followed up to schedule them, but Plaintiffs failed to appear or otherwise comply. Their state-law claims should be dismissed on that basis alone. *See Bird v. Cnty. of Westchester*, 2022 WL 2263794, at *13 (S.D.N.Y. June 23, 2022) (Hon. Román, Nelson) (internal quotation marks omitted). Plaintiffs also cannot maintain federal claims against Larchmont because they do not identify, or allege the personal involvement of, any specific Larchmont personnel in conduct affecting any Plaintiff sufficient to support liability under § 1983. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Accordingly, because Plaintiffs have no viable state or federal claims against Larchmont, the SAC should be dismissed against Larchmont with prejudice in its entirety.

Even if Plaintiffs are permitted to proceed despite the foregoing fatal deficiencies, Larchmont seeks dismissal because the SAC is overbroad and insufficiently pleaded. Although the SAC asserts numerous federal and state tort claims, including constitutional violations and intentional torts, it fails to plead the essential elements of any claim. Many of the alleged causes

Hon. Nelson Stephan Román
July 27, 2026

of action merely recite the elements without providing any supporting factual specificity. As noted above, the SAC also fails to identify which, if any, Larchmont law enforcement personnel were personally involved in any alleged tort or constitutional violation. The SAC instead relies on impermissible group pleading that obscures the conduct allegedly attributable to each Defendant and improperly treats all Defendant Municipalities and their personnel as interchangeable. *See Leneau v. Ponte*, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("A complaint need not 'be a model of clarity of exhaustively present the facts alleged, [but] it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'"); *McFadden v. Keyser*, 2025 WL 846371, at *3 (S.D.N.Y. Mar. 18, 2025) ("[The Federal Rules] requires, at minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests . . . [w]here a plaintiff 'lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct . . . [t]he complaint fail[s] to satisfy this minimum standard' and dismissal of each claim, if the not the entire complaint, is appropriate.'"). As a result, Plaintiffs cannot maintain these causes of action against Larchmont, even if the threshold requirements of § 1983 were presumed satisfied—which they are not.

Moreover, even accepting the SAC's allegations as true and assuming personal involvement by Larchmont personnel, which Plaintiffs do not plausibly allege and cannot plausibly allege, the claims still fail because the allegations within the SAC itself establish multiple grounds for probable cause to arrest Plaintiffs. Probable cause under any theory defeats Plaintiffs' constitutional and common-law claims. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *see also, e.g.*, *Lederman v. Benepe*, 2014 WL 1318356, at *9 (S.D.N.Y. 2014); *Carruthers v. Colton*, 153 F.4th 169, 181 (2d Cir. 2025).

In addition to the above arguments, Larchmont joins in and incorporates by reference the arguments raised in the pre-motion letters filed by its co-defendants, which apply with equal force to Larchmont. For these reasons, and those to be set forth more fully in the forthcoming motion, Larchmont respectfully requests leave to file a motion to dismiss the SAC under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Thank you for your consideration.

Respectfully submitted,
**Kaufman Dolowich LLP**

Jennifer E. Sherven
Shiddhartha Uddin

To:     All Counsel of Record (via ECF)

2