

**Kenneth W. Jenkins**
**County Executive**

Office of the County Attorney
John M. Nonna
County Attorney

July 27, 2026

Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *Jamal v. Hochul*, No. 25-CV-6332 (NSR) (S.D.N.Y.)

Dear Judge Román,

I represent defendants Westchester County (the "County"), Westchester County Officer Malik L. Burts, Westchester County Officer Javier DeJesus, Westchester County Sergeant Daniel S. Dumser, Westchester County Sergeant Mathieu E. Ricozzi, Westchester County Lieutenant Paul J. Cusano, Westchester County Officer Michael P. Maffei, Westchester County Officer Robert L. Camaj, Westchester County Officer Brandon A. Day, Westchester County Officer Paul S. DeSousa, Westchester County Officer John J. Severi, Westchester County Officer Nicholas Lopano, Westchester County Officer Marilena T. Sophia, Westchester County Officer Eliot Wilder, Westchester County Officer Ryan G. Watts, Westchester County Sergeant Trevor M. Dennin, Westchester County Officer Thomas C. Olsen, Westchester County Officer Tufan S. Dilschmann, Westchester County Officer Tyler J. Smith, (former) Westchester County Lieutenant Brian M. Hess, Westchester County Captain James B. Greer, and Officer Oisin McGloin (collectively, "County Defendants") in the above referenced action.

On July 31, 2025, plaintiffs Amani Jamal, Kaelin Martin, Lily Ellinghaus, and William Christopher Cavallo (collectively, "Plaintiffs") commenced the instant action. *See* Dkt. No. 1. The matter was assigned to the Honorable Philip M. Halpern. On October 20, 2025, plaintiffs filed their First Amended Complaint. *See* Dkt. No. 8. Pursuant to Rule 4(C)(ii) of the Individual Practices in Civil Cases of the Honorable Philip M. Halpern, United States District Judge, revised January 6, 2025, County Defendants sent a letter to plaintiffs on November 18, 2025 noting specific pleading deficiencies in the claims plaintiffs' asserted against them. Plaintiffs, thereafter, filed a Second Amended Complaint ("SAC") on January 15, 2026. *See,* Dkt. No. 35. The SAC contains the same pleading deficiencies previously noted by County Defendants.

Accordingly, County Defendants respectfully submit this letter in accordance with Rule 3(A)(ii) of Your Honor's Individual Rules as well as Your Honor's June 15, 2026 directive.

Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601     Telephone: 914-995-2660     Fax: 914-995-3132

Of particular note, the following deficiencies in the SAC warrant dismissal:

(1) Group Pleading – FRCP 8(a): The SAC fails to distinguish which claims are intended to be asserted against which defendants. Rather, it treats all municipalities and officers as interchangeable which leaves both the municipalities and individual officers without meaningful notice of the claims they must defend. *See* Fed. R. Civ. P. 8(a); *see also Atuahene v. City of Hartford*, 10 F. App'x. 33, 34 (2d Cir. 2001); *Farmer v County of Westchester*, No. 18-cv-2691 (NSR), 2021 WL 4199944, 2021 US Dist LEXIS 175597 (SDNY Sep. 15, 2021).

(2) Failure to State a Claim – FRCP 12(b)(6): Plaintiffs fail to plead factual allegations establishing plausible claims in the SAC. The SAC asserts a sweeping array of federal and state tort claims, ranging from constitutional violations to common-law torts, yet fails to plead the essential elements of any of them. The defects are compounded by plaintiffs' assertion of every cause of action as though brought by every named plaintiff despite clear differences in their factual circumstances. *See* Fed. R. Civ. P. 12(b)(6); *Smith v Westchester County*, No. 19-cv-03605 (NSR), 2021 WL 2856515, 2021 US Dist LEXIS 127483 (SDNY July 7, 2021).

(3) Personal Involvement: For all of their claims, plaintiffs fail to plead sufficient facts to establish that each of the twenty-one County Officer Defendants were personally involved in any of the federal or state claims or that either defendant could have remedied an ongoing constitutional violation directly. *See e.g., Smith, supra*; *Goode v Westchester County*, No. 18-cv-2963 (NSR), 2019 WL 2250278, 2019 US Dist LEXIS 88041 (SDNY May 24, 2019); *Russell v Westchester County*, No. 7:25-CV-2014 (NSR), 2026 LX 356762, 2026 US Dist LEXIS 161871 (SDNY July 21, 2026).

(4) *Monell* Claim: Plaintiffs failed to plead (1) the existence of a formal policy, (2) actions taken by officials who are responsible for establishing policies in that area, (3) a widespread consistent practice that constitutes a custom sufficient to impute knowledge to policymaking officials, or (4) a failure by policymakers to train or supervise subordinates that amounts to deliberate indifference to the rights of others. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *see, e.g., Smith, supra*; *Bethune v Westchester County*, No. 18-cv-3500 (NSR), 2020 WL 1032508, 2020 US Dist LEXIS 36013 (SDNY Mar. 2, 2020); *Goode, supra.*

(5) Notice of Claim Requirement for State Law Claims: Plaintiffs' New York State common law claims for conversion (SAC eleventh claim for relief) and for violations of New York Civil Rights Law §79-P Right to Record (SAC fifteenth claim for relief) do not comply with the notice of claim requirement pursuant to General Municipal Law 50-e for state law claims. *See Richardson v Westchester County*, No. 20 Civ. 5907 (NSR), 2022 WL 785217, 2022 US Dist LEXIS 46019 (SDNY Mar. 15, 2022).

(6) 50-h Hearing Requirement: General Municipal Law 50-h requires a claimant to attend oral examination as a prerequisite to bringing suit based on state law claims. The SAC only alleges that plaintiff Jamal complied with General Municipal Law 50-h as it

2

pertains to County Defendants. Thus, all state law claims brought against the County and its employees in their official capacity by Plaintiffs Martin, Ellinghaus, and Cavallo must be dismissed as those plaintiffs have not complied with General Municipal Law 50-h. *See Bird v County of Westchester*, No. 20-CV-10076 (NSR), 2022 WL 2263794, 2022 US Dist LEXIS 111672 (SDNY June 23, 2022).

Based upon these noted deficiencies, County Defendants will serve a motion to dismiss on September 30, 2026 in accordance with the motion schedule previously set by the Court. To the extent plaintiffs may seek leave to file yet another amended complaint, County Defendants submit that such filing would be futile given the opportunities already provided to plaintiffs.

Thank you for your consideration.

Very truly yours,

**JOHN M. NONNA**
Westchester County Attorney
*Attorney for County Defendants*

By: *Annmarie Stepancic*

Annmarie Stepancic
Sr. Assistant County Attorney, of Counsel
148 Martine Avenue, Room 600
White Plains, NY 10601
(914) 995-4796
amss@westchestercountyny.gov

cc: All counsel of record (via ECF)

3