

**HKP** | HARFENIST KRAUT & PERLSTEIN LLP

STEVEN J. HARFENIST
DIRECT TEL.: 516-355-9630
DIRECT FAX:  516-355-9601
SHARFENIST@HKPLAW.COM

July 27, 2026

**VIA ECF**
United States District Court
Southern District of New York
Honorable Nelson Stephen Roman
300 Quarropas Street
White Plains, New York 10601

> Re:    ***Amani Jamal, et al v. Kathy Hochul, et al***
> **Docket No.: 25-cv-06332(NSR)**

Dear Judge Roman:

These civil rights actions allegedly arise from a protest at the SUNY Purchase. We represent the Town/Village of Harrison ("Harrison") and Police Officer Randy Bakay ("Bakay") and seek to move to dismiss the Second Amended Complaint ("SAC") as to both Harrison and Bakay. Put simply, this "group pled" complaint fails even the most basic pleading requirements under *Iqbal*.

The SAC names thirty-eight defendants — a Governor, a university president, five municipalities, and thirty-one individual officers drawn from at least six different law enforcement agencies — and then, with respect to twenty-nine of the thirty-one named individual officers, alleges the identical sentence against each: that the officer "violated Plaintiffs' rights as set forth herein by ordering and/or participating in their forceful and unlawful dispersal, arrest, and/or removal while they engaged in and/or observed protest activities at the SUNY Purchase campus on May 2, 2024." See, e.g., SAC ¶¶ 23–53.

Initially, the SAC is a classic example of group pleading requiring dismissal. Each cause of action is asserted against all defendants without any delineation as to the alleged improper conduct of the individual defendant.

"[I]t is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes and that Rule 8 is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it." *Nesbeth v. New York City Mgmt. LLC*, No. 17 Civ. 8650 (JGK), 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019) (cleaned up); *Ortiz v. Consol. Edison Co. of New York, Inc.*, 801 F. Supp. 3d 260, 293–94 (S.D.N.Y. 2025)

Put simply, the SAC must be dismissed *in toto*.

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415
PURCHASE, NY 10577
T – 914.701.0800 F – 914-708-0808

Bakay is one of the twenty-nine individual defendants. SAC ¶ 53. This formulaic recitation, repeated verbatim regardless of agency, rank, or role, is the paradigmatic "group pleading" that *Iqbal* and *Twombly* forbid. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The sole exception to group pleading applicable to Bakay in ¶ 122, which alleges that he, "including" other unnamed officers, "charged" plaintiff Kaelin Martin and other protestors and participated in handcuffing them — an allegation immediately followed by Plaintiffs' own acknowledgment that they are not sure whether Bakay, and not one of two unidentified Doe defendants, committed the more serious acts of throwing Martin to the ground and over a table. SAC ¶¶ 123–130, 128. But his allegation does not assert that Bakay violated any of Martin's rights or committed a state law tort as to him.  It's simply too vague to withstand dismissal.

The Second Circuit has long held that personal involvement is an essential element of any § 1983 claim. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)( "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") The SAC simply lacks any plausible fact-based allegations of personal involvement to support any claim against Bakay.

Accordingly, the SAC should be dismissed as to Bakay.

As to Harrison, the SAC fares no better. Harrison appears in exactly one substantive paragraph beyond the boilerplate municipal-entity allegation, ¶ 20 — an "upon information and belief" statement that Harrison officers "participated in the May 2, 2024 operation pursuant to an official coordinated response, namely the Westchester County's Mutual Aid & Rapid Response Plan." SAC ¶ 165.

Nowhere does the SAC identify any Harrison policy, custom, training deficiency, or prior notice of unconstitutional conduct by Harrison officers specifically.

The allegations of the SAC do not come close to alleging a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) as they fail to plead any policy, custom, or practice.

Accordingly, the SAC must be dismissed as to Harrison.

Respectfully submitted,
HARFENIST KRAUT & PERLSTEIN, LLP

By:     *Steven J. Harfenist*

Steven J. Harfenist

SJH/
cc:     All Counsel (via ECF)