

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

July 27, 2026

**BY ECF**
Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

> Re:  *Jamal, et al. v. Hochul, et al.,* No. 25-cv-6332-NSR

Dear Judge Román:

This Office represents Governor Kathy Hochul, former President of State University of New York at Purchase ("SUNY Purchase") Milagros Peña, State University Police at SUNY Purchase ("UPD") Officer Matthew Alto, UPD Officer Cindy Markus, UPD Officer James McGowan, and former UPD Officer James Foley (collectively, the "State Defendants") who are sued in both their individual and official capacities in the above-referenced action. Pursuant to Your Honor's Individual Rule 3(A)(i) and the June 15, 2026 Memo Endorsement (ECF No. 47), State Defendants respectfully request a pre-motion conference concerning their proposed motion to dismiss the Second Amended Complaint ("SAC").

## I.      Relevant Background

As alleged in the SAC, Plaintiffs Amani Jamal, Kaelin Martin, Lily Ellinghaus, and William Christopher Cavallo (collectively, "Plaintiffs") are SUNY Purchase alumni who gathered around 5:00 p.m. at the SUNY Purchase quad on May 2, 2024 to protest SUNY Purchase's purported connections to the conflict in Gaza. SAC ¶ 76. The protest continued for approximately five hours without interruption. SAC ¶ 87. At 10:00 p.m., Plaintiffs were asked to disperse in accordance with school quiet hours, refused to do so, and were arrested following their failure to disperse. SAC ¶¶ 76, 87. There is no specific allegation that *any* of the State Defendants assaulted, arrested, transported, detained, prosecuted, or converted the property of any of the Plaintiffs. *See generally* SAC. Within three to four hours of those arrests, Plaintiffs were – according to the SAC – released with Desk Appearance Tickets. SAC ¶¶ 108, 140, 167, 187.

## II.      Plaintiffs' Claims Against the State Defendants in Their Official Capacity Are Barred by the Eleventh Amendment

All claims brought against the State Defendants in their "official capacities" should be dismissed. *See* SAC ¶ 62. It is a bedrock principle that "the Eleventh Amendment generally prohibits suits against state governments in federal court." *Richardson v. New York State Dept. of Corr. Ser.*, 180 F.3d 426, 448 (2d Cir. 1999). Additionally, "a suit against a state official in his or her official capacity is deemed an action against the state itself, and Eleventh Amendment immunity applies." *Roberson v. Cuomo*, 524 F. Supp. 3d 196, 223 (S.D.N.Y. 2021). Eleventh Amendment immunity is only overcome when Congress, in a constitutionally valid exercise of its powers, "authorizes such a suit through enforcement of § 5 of the Fourteenth Amendment, and where a state consents to being sued." *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). It is well-settled, however, that the "State of New York has not waived its sovereign immunity in regard to section 1983 actions nor has its sovereign immunity been abrogated." *Goonewardena v. New York*, 475 F. Supp. 2d 310, 329 (S.D.N.Y. 2017). As a consequence, all claims brought against the State Defendants in their "official capacities" should be dismissed.

### III.     The SAC Fails to Meet the Basic Pleading Requirements of Fed. R. Civ. P. 8

The SAC engages in textbook group pleading of the sort prohibited by Fed. R. Civ. P. 8. As articulated by the Second Circuit, "although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). "Accordingly, where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Bardwill Indus. Inc. v. Kennedy*, 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020) (citations omitted). "Pleadings fail to meet that minimum requirement [of Rule 8(a)] where allegations 'lump all the defendants together in each claim and provide no factual basis to distinguish their conduct.'" *SCE Group Inc. v. City of New York*, 2020 WL 1033592, at *3 (S.D.N.Y. Mar. 3, 2020) (quoting *Atuahene*, 10 F. App'x at 34).

Here, on their *third* attempt to articulate their claims, Plaintiffs provide no differentiation amongst the thirty-eight Defendants and ten additional John and Jane Does named in the SAC. All Defendants are alleged to have participated in all fifteen claims. *See e.g.,* SAC ¶¶ 254, 260. As drafted, Plaintiffs appear to be claiming that *all* Defendants including the Governor of the State of New York and the former President of SUNY Purchase "committed battery" against them and stole their things. By lumping all Defendants together, Plaintiffs fail to meet the minimal requirements of the Federal Rules. *See Atuahene*, 10 F. App'x at 34.

### IV.     The SAC Should Be Dismissed Under the Doctrine of Qualified Immunity

Even if Plaintiffs had plausibly alleged the personal involvement of the State Defendants – they have not – their claims against the State Defendants should be dismissed as barred by qualified immunity. Government officials are shielded from liability for civil damages "unless the plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Baltas v. Jones*, 2025 WL 3628204, at *1 (2d Cir. Dec. 15, 2025). Put another way: "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Coollick v. Hughes*, 699 F.3d 211, 221 (2d Cir. 2012) (internal quotation marks and citation omitted); *see also Walker v. NYS*

*Just. Ctr. for Prot. of People with Special Needs*, 493 F. Supp. 3d 239, 250 (S.D.N.Y. 2020) (Román, J.) ("qualified immunity gives officials breathing room to make reasonable but mistaken judgments about open legal questions.").

Here, Plaintiffs appear to be alleging that the State Defendants violated their First Amendment rights when they enforced campus quiet hours after 10:00 p.m. But the Supreme Court has explicitly permitted time, place, and manner restrictions of the type at issue here. *See, e.g., Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 291 (1984) ("we seriously doubt that the First Amendment requires the Park Service to permit a demonstration in Lafayette Park and the Mall involving a 24-hour vigil and the erection of tents to accommodate 150 people."). Moreover, Plaintiffs cannot establish that the conduct at issue would have been understood by a reasonable defendant to be unlawful under then existing law. *Meyers v. City of New York*, 675 F. App'x 93, 95 (2d Cir. 2017) (ambiguities of fact and law entitled officials to qualified immunity in suit involving arrests following failure to disperse).

## V.    The Claims Against Defendants Hochul and Peña Should Be Dismissed

The SAC fails to state a claim against Governor Hochul and Former President Peña and both Defendants should be dismissed. As this Court held in *Anderson v. City of Mount Vernon*, 2024 WL 2158390, at *2 (S.D.N.Y. May 13, 2024) (Román, J.), "it is well settled that in order to hold a defendant responsible for a constitutional deprivation, a plaintiff must demonstrate *inter alia,* the defendant's personal involvement in the deprivation. To do so, the plaintiff must allege a tangible connection between the acts of a defendant and the injuries suffered." Moreover, "failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint fatally defective on its face." *Id.* "A defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996); *Anderson,* 2024 WL 2158390 ("Plaintiffs must establish that [Defendant] violated Plaintiffs' constitutional rights through his own conduct, not by reason of his supervision of others. . ."). Thus, to state a claim, Plaintiffs are required to plausibly allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

Here, the SAC must establish that Governor Hochul and former President Peña were *personally* involved in the alleged Constitutional violations to recover damages under § 1983. There are no such allegations. Rather, the sum total of the allegations against Defendants Hochul and Peña are three paragraphs that offer nothing. *See* SAC ¶¶ 16, 17, 73.

## VI.    Plaintiffs Fail to State a Claim

Finally, the SAC should be dismissed as Plaintiffs repeatedly fail to do more than recite the basic elements of the individual claims. *Iqbal*, 556 U.S. at 678 (a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement."). As Plaintiffs rely on speculative and conclusory allegations, each claim should be dismissed as against the State Defendants under Rule 12(b)(6).

Thank you for your Honor's consideration of this submission.

Respectfully submitted,

*/s/ Elizabeth B. Gates*
Elizabeth B. Gates
Special Litigation Counsel
(212) 416-6402
elizabeth.gates@ag.ny.gov
*Attorney for State Defendants*

cc: Counsel of Record (by ECF)

4