USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/28/2026_

**MEMORANDUM ENDORSEMENT**

7:25-cv-06332-NSR
Jamal et al v. Hochul et al.

     Defendants' letter motions seeking leave to file a motion to dismiss the Second Amended Complaint are GRANTED. Defendants are directed to adhere to the briefing schedule set forth in ECF No. 47. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 51–53.

SO ORDERED.

Dated: July 28, 2026
     White Plains, NY

Nelson S. Román, U.S. District Judge



Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Jennifer E. Sherven**
JSherven@kaufmandolowich.com

**Shiddhartha Uddin**
Shiddhartha.Uddin@kaufmandolowich.com

July 27, 2026

**VIA ECF**
Hon. Nelson Stephen Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> **Re:** ***Amani Jamal, et al. v. Hochul, et al.***
> **Case No. 25-cv-06332 (NSR)**

Dear Judge Román:

This firm represents the defendant Village of Larchmont ("Larchmont"). Larmont submits this letter pursuant to Your Honor's June 15, 2026 Order in anticipation of Larchmont's Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC"), filed by Plaintiffs Amani Jamal, Kaelin Martin, Lily Ellinghaus, and William Christopher Cavallo (collectively, "Plaintiffs"). *See* ECF Docket No. 47. As Your Honor is aware, the Court has endorsed a proposed motion schedule for all Defendants, including Larchmont, with briefing scheduled to commence on September 30, 2026.

At the outset, Larchmont seeks dismissal of the SAC for multiple procedural deficiencies, including Plaintiffs' utter failure to comply with General Municipal Law § 50-H. Larchmont requested and noticed Examinations Under Oath pursuant to § 50-H, and followed up to schedule them, but Plaintiffs failed to appear or otherwise comply. Their state-law claims should be dismissed on that basis alone. *See Bird v. Cnty. of Westchester*, 2022 WL 2263794, at *13 (S.D.N.Y. June 23, 2022) (Hon. Román, Nelson) (internal quotation marks omitted). Plaintiffs also cannot maintain federal claims against Larchmont because they do not identify, or allege the personal involvement of, any specific Larchmont personnel in conduct affecting any Plaintiff sufficient to support liability under § 1983. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Accordingly, because Plaintiffs have no viable state or federal claims against Larchmont, the SAC should be dismissed against Larchmont with prejudice in its entirety.

Even if Plaintiffs are permitted to proceed despite the foregoing fatal deficiencies, Larchmont seeks dismissal because the SAC is overbroad and insufficiently pleaded. Although the SAC asserts numerous federal and state tort claims, including constitutional violations and intentional torts, it fails to plead the essential elements of any claim. Many of the alleged causes

Hon. Nelson Stephan Román
July 27, 2026

of action merely recite the elements without providing any supporting factual specificity. As noted above, the SAC also fails to identify which, if any, Larchmont law enforcement personnel were personally involved in any alleged tort or constitutional violation. The SAC instead relies on impermissible group pleading that obscures the conduct allegedly attributable to each Defendant and improperly treats all Defendant Municipalities and their personnel as interchangeable. *See Leneau v. Ponte*, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("A complaint need not 'be a model of clarity of exhaustively present the facts alleged, [but] it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'"); *McFadden v. Keyser*, 2025 WL 846371, at *3 (S.D.N.Y. Mar. 18, 2025) ("[The Federal Rules] requires, at minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests . . . [w]here a plaintiff 'lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct . . . [t]he complaint fail[s] to satisfy this minimum standard' and dismissal of each claim, if the not the entire complaint, is appropriate.'"). As a result, Plaintiffs cannot maintain these causes of action against Larchmont, even if the threshold requirements of § 1983 were presumed satisfied—which they are not.

Moreover, even accepting the SAC's allegations as true and assuming personal involvement by Larchmont personnel, which Plaintiffs do not plausibly allege and cannot plausibly allege, the claims still fail because the allegations within the SAC itself establish multiple grounds for probable cause to arrest Plaintiffs. Probable cause under any theory defeats Plaintiffs' constitutional and common-law claims. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *see also, e.g.*, *Lederman v. Benepe*, 2014 WL 1318356, at *9 (S.D.N.Y. 2014); *Carruthers v. Colton*, 153 F.4th 169, 181 (2d Cir. 2025).

In addition to the above arguments, Larchmont joins in and incorporates by reference the arguments raised in the pre-motion letters filed by its co-defendants, which apply with equal force to Larchmont. For these reasons, and those to be set forth more fully in the forthcoming motion, Larchmont respectfully requests leave to file a motion to dismiss the SAC under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Thank you for your consideration.

Respectfully submitted,
**Kaufman Dolowich LLP**

Jennifer E. Sherven
Shiddhartha Uddin

To:    All Counsel of Record (via ECF)

2



**Kenneth W. Jenkins**
**County Executive**

Office of the County Attorney
John M. Nonna
County Attorney

July 27, 2026

Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   Re: *Jamal v. Hochul*, No. 25-CV-6332 (NSR) (S.D.N.Y.)

Dear Judge Román,

   I represent defendants Westchester County (the "County"), Westchester County Officer Malik L. Burts, Westchester County Officer Javier DeJesus, Westchester County Sergeant Daniel S. Dumser, Westchester County Sergeant Mathieu E. Ricozzi, Westchester County Lieutenant Paul J. Cusano, Westchester County Officer Michael P. Maffei, Westchester County Officer Robert L. Camaj, Westchester County Officer Brandon A. Day, Westchester County Officer Paul S. DeSousa, Westchester County Officer John J. Severi, Westchester County Officer Nicholas Lopano, Westchester County Officer Marilena T. Sophia, Westchester County Officer Eliot Wilder, Westchester County Officer Ryan G. Watts, Westchester County Sergeant Trevor M. Dennin, Westchester County Officer Thomas C. Olsen, Westchester County Officer Tufan S. Dilschmann, Westchester County Officer Tyler J. Smith, (former) Westchester County Lieutenant Brian M. Hess, Westchester County Captain James B. Greer, and Officer Oisin McGloin (collectively, "County Defendants") in the above referenced action.

   On July 31, 2025, plaintiffs Amani Jamal, Kaelin Martin, Lily Ellinghaus, and William Christopher Cavallo (collectively, "Plaintiffs") commenced the instant action. *See* Dkt. No. 1. The matter was assigned to the Honorable Philip M. Halpern. On October 20, 2025, plaintiffs filed their First Amended Complaint. *See* Dkt. No. 8. Pursuant to Rule 4(C)(ii) of the Individual Practices in Civil Cases of the Honorable Philip M. Halpern, United States District Judge, revised January 6, 2025, County Defendants sent a letter to plaintiffs on November 18, 2025 noting specific pleading deficiencies in the claims plaintiffs' asserted against them. Plaintiffs, thereafter, filed a Second Amended Complaint ("SAC") on January 15, 2026. *See,* Dkt. No. 35. The SAC contains the same pleading deficiencies previously noted by County Defendants.

   Accordingly, County Defendants respectfully submit this letter in accordance with Rule 3(A)(ii) of Your Honor's Individual Rules as well as Your Honor's June 15, 2026 directive.

Of particular note, the following deficiencies in the SAC warrant dismissal:

(1) Group Pleading – FRCP 8(a): The SAC fails to distinguish which claims are intended to be asserted against which defendants. Rather, it treats all municipalities and officers as interchangeable which leaves both the municipalities and individual officers without meaningful notice of the claims they must defend. *See* Fed. R. Civ. P. 8(a); *see also Atuahene v. City of Hartford*, 10 F. App'x. 33, 34 (2d Cir. 2001); *Farmer v County of Westchester*, No. 18-cv-2691 (NSR), 2021 WL 4199944, 2021 US Dist LEXIS 175597 (SDNY Sep. 15, 2021).

(2) Failure to State a Claim – FRCP 12(b)(6): Plaintiffs fail to plead factual allegations establishing plausible claims in the SAC. The SAC asserts a sweeping array of federal and state tort claims, ranging from constitutional violations to common-law torts, yet fails to plead the essential elements of any of them. The defects are compounded by plaintiffs' assertion of every cause of action as though brought by every named plaintiff despite clear differences in their factual circumstances. *See* Fed. R. Civ. P. 12(b)(6); *Smith v Westchester County*, No. 19-cv-03605 (NSR), 2021 WL 2856515, 2021 US Dist LEXIS 127483 (SDNY July 7, 2021).

(3) Personal Involvement: For all of their claims, plaintiffs fail to plead sufficient facts to establish that each of the twenty-one County Officer Defendants were personally involved in any of the federal or state claims or that either defendant could have remedied an ongoing constitutional violation directly. *See e.g., Smith, supra*; *Goode v Westchester County*, No. 18-cv-2963 (NSR), 2019 WL 2250278, 2019 US Dist LEXIS 88041 (SDNY May 24, 2019); *Russell v Westchester County*, No. 7:25-CV-2014 (NSR), 2026 LX 356762, 2026 US Dist LEXIS 161871 (SDNY July 21, 2026).

(4) *Monell* Claim: Plaintiffs failed to plead (1) the existence of a formal policy, (2) actions taken by officials who are responsible for establishing policies in that area, (3) a widespread consistent practice that constitutes a custom sufficient to impute knowledge to policymaking officials, or (4) a failure by policymakers to train or supervise subordinates that amounts to deliberate indifference to the rights of others. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *see, e.g., Smith, supra*; *Bethune v Westchester County*, No. 18-cv-3500 (NSR), 2020 WL 1032508, 2020 US Dist LEXIS 36013 (SDNY Mar. 2, 2020); *Goode, supra*.

(5) Notice of Claim Requirement for State Law Claims: Plaintiffs' New York State common law claims for conversion (SAC eleventh claim for relief) and for violations of New York Civil Rights Law §79-P Right to Record (SAC fifteenth claim for relief) do not comply with the notice of claim requirement pursuant to General Municipal Law 50-e for state law claims. *See Richardson v Westchester County*, No. 20 Civ. 5907 (NSR), 2022 WL 785217, 2022 US Dist LEXIS 46019 (SDNY Mar. 15, 2022).

(6) 50-h Hearing Requirement: General Municipal Law 50-h requires a claimant to attend oral examination as a prerequisite to bringing suit based on state law claims. The SAC only alleges that plaintiff Jamal complied with General Municipal Law 50-h as it

2

pertains to County Defendants. Thus, all state law claims brought against the County and its employees in their official capacity by Plaintiffs Martin, Ellinghaus, and Cavallo must be dismissed as those plaintiffs have not complied with General Municipal Law 50-h. *See Bird v County of Westchester*, No. 20-CV-10076 (NSR), 2022 WL 2263794, 2022 US Dist LEXIS 111672 (SDNY June 23, 2022).

Based upon these noted deficiencies, County Defendants will serve a motion to dismiss on September 30, 2026 in accordance with the motion schedule previously set by the Court. To the extent plaintiffs may seek leave to file yet another amended complaint, County Defendants submit that such filing would be futile given the opportunities already provided to plaintiffs.

Thank you for your consideration.

Very truly yours,

**JOHN M. NONNA**
Westchester County Attorney
*Attorney for County Defendants*

By: *Annmarie Stepancic*

Annmarie Stepancic
Sr. Assistant County Attorney, of Counsel
148 Martine Avenue, Room 600
White Plains, NY 10601
(914) 995-4796
amss@westchestercountyny.gov

cc: All counsel of record (via ECF)

3



HARFENIST KRAUT & PERLSTEIN LLP

STEVEN J. HARFENIST
DIRECT TEL.: 516-355-9630
DIRECT FAX:  516-355-9601
SHARFENIST@HKPLAW.COM

July 27, 2026

**VIA ECF**
United States District Court
Southern District of New York
Honorable Nelson Stephen Roman
300 Quarropas Street
White Plains, New York 10601

      **Re:**   ***Amani Jamal, et al v. Kathy Hochul, et al***
            **Docket No.: 25-cv-06332(NSR)**

Dear Judge Roman:

These civil rights actions allegedly arise from a protest at the SUNY Purchase. We represent the Town/Village of Harrison ("Harrison") and Police Officer Randy Bakay ("Bakay") and seek to move to dismiss the Second Amended Complaint ("SAC") as to both Harrison and Bakay. Put simply, this "group pled" complaint fails even the most basic pleading requirements under *Iqbal*.

The SAC names thirty-eight defendants — a Governor, a university president, five municipalities, and thirty-one individual officers drawn from at least six different law enforcement agencies — and then, with respect to twenty-nine of the thirty-one named individual officers, alleges the identical sentence against each: that the officer "violated Plaintiffs' rights as set forth herein by ordering and/or participating in their forceful and unlawful dispersal, arrest, and/or removal while they engaged in and/or observed protest activities at the SUNY Purchase campus on May 2, 2024." See, e.g., SAC ¶¶ 23–53.

Initially, the SAC is a classic example of group pleading requiring dismissal. Each cause of action is asserted against all defendants without any delineation as to the alleged improper conduct of the individual defendant.

"[I]t is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes and that Rule 8 is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it." *Nesbeth v. New York City Mgmt. LLC*, No. 17 Civ. 8650 (JGK), 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019) (cleaned up); *Ortiz v. Consol. Edison Co. of New York, Inc.*, 801 F. Supp. 3d 260, 293–94 (S.D.N.Y. 2025)

Put simply, the SAC must be dismissed *in toto*.

3000 Marcus Avenue, Suite 2E1
Lake Success, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 Westchester Avenue, Suite 415
Purchase, NY 10577
T – 914.701.0800 F – 914-708-0808

**HKP**

Bakay is one of the twenty-nine individual defendants. SAC ¶ 53. This formulaic recitation, repeated verbatim regardless of agency, rank, or role, is the paradigmatic "group pleading" that *Iqbal* and *Twombly* forbid. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The sole exception to group pleading applicable to Bakay in ¶ 122, which alleges that he, "including" other unnamed officers, "charged" plaintiff Kaelin Martin and other protestors and participated in handcuffing them — an allegation immediately followed by Plaintiffs' own acknowledgment that they are not sure whether Bakay, and not one of two unidentified Doe defendants, committed the more serious acts of throwing Martin to the ground and over a table. SAC ¶¶ 123–130, 128. But his allegation does not assert that Bakay violated any of Martin's rights or committed a state law tort as to him. It's simply too vague to withstand dismissal.

The Second Circuit has long held that personal involvement is an essential element of any § 1983 claim. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)( "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") The SAC simply lacks any plausible fact-based allegations of personal involvement to support any claim against Bakay.

Accordingly, the SAC should be dismissed as to Bakay.

As to Harrison, the SAC fares no better. Harrison appears in exactly one substantive paragraph beyond the boilerplate municipal-entity allegation, ¶ 20 — an "upon information and belief" statement that Harrison officers "participated in the May 2, 2024 operation pursuant to an official coordinated response, namely the Westchester County's Mutual Aid & Rapid Response Plan." SAC ¶ 165.

Nowhere does the SAC identify any Harrison policy, custom, training deficiency, or prior notice of unconstitutional conduct by Harrison officers specifically.

The allegations of the SAC do not come close to alleging a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) as they fail to plead any policy, custom, or practice.

Accordingly, the SAC must be dismissed as to Harrison.

Respectfully submitted,
HARFENIST KRAUT & PERLSTEIN, LLP

By:     *Steven J. Harfenist*

Steven J. Harfenist

SJH/
cc:     All Counsel (via ECF)



**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

July 27, 2026

**BY ECF**
Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    *Jamal, et al. v. Hochul, et al.,* No. 25-cv-6332-NSR

Dear Judge Román:

This Office represents Governor Kathy Hochul, former President of State University of New York at Purchase ("SUNY Purchase") Milagros Peña, State University Police at SUNY Purchase ("UPD") Officer Matthew Alto, UPD Officer Cindy Markus, UPD Officer James McGowan, and former UPD Officer James Foley (collectively, the "State Defendants") who are sued in both their individual and official capacities in the above-referenced action. Pursuant to Your Honor's Individual Rule 3(A)(i) and the June 15, 2026 Memo Endorsement (ECF No. 47), State Defendants respectfully request a pre-motion conference concerning their proposed motion to dismiss the Second Amended Complaint ("SAC").

## I.      Relevant Background

As alleged in the SAC, Plaintiffs Amani Jamal, Kaelin Martin, Lily Ellinghaus, and William Christopher Cavallo (collectively, "Plaintiffs") are SUNY Purchase alumni who gathered around 5:00 p.m. at the SUNY Purchase quad on May 2, 2024 to protest SUNY Purchase's purported connections to the conflict in Gaza. SAC ¶ 76. The protest continued for approximately five hours without interruption. SAC ¶ 87. At 10:00 p.m., Plaintiffs were asked to disperse in accordance with school quiet hours, refused to do so, and were arrested following their failure to disperse. SAC ¶¶ 76, 87. There is no specific allegation that *any* of the State Defendants assaulted, arrested, transported, detained, prosecuted, or converted the property of any of the Plaintiffs. *See generally* SAC. Within three to four hours of those arrests, Plaintiffs were – according to the SAC – released with Desk Appearance Tickets. SAC ¶¶ 108, 140, 167, 187.

## II.      Plaintiffs' Claims Against the State Defendants in Their Official Capacity Are Barred by the Eleventh Amendment

All claims brought against the State Defendants in their "official capacities" should be dismissed. *See* SAC ¶ 62. It is a bedrock principle that "the Eleventh Amendment generally prohibits suits against state governments in federal court." *Richardson v. New York State Dept. of Corr. Ser.*, 180 F.3d 426, 448 (2d Cir. 1999). Additionally, "a suit against a state official in his or her official capacity is deemed an action against the state itself, and Eleventh Amendment immunity applies." *Roberson v. Cuomo*, 524 F. Supp. 3d 196, 223 (S.D.N.Y. 2021). Eleventh Amendment immunity is only overcome when Congress, in a constitutionally valid exercise of its powers, "authorizes such a suit through enforcement of § 5 of the Fourteenth Amendment, and where a state consents to being sued." *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). It is well-settled, however, that the "State of New York has not waived its sovereign immunity in regard to section 1983 actions nor has its sovereign immunity been abrogated." *Goonewardena v. New York*, 475 F. Supp. 2d 310, 329 (S.D.N.Y. 2017). As a consequence, all claims brought against the State Defendants in their "official capacities" should be dismissed.

### III.    The SAC Fails to Meet the Basic Pleading Requirements of Fed. R. Civ. P. 8

The SAC engages in textbook group pleading of the sort prohibited by Fed. R. Civ. P. 8. As articulated by the Second Circuit, "although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). "Accordingly, where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Bardwill Indus. Inc. v. Kennedy*, 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020) (citations omitted). "Pleadings fail to meet that minimum requirement [of Rule 8(a)] where allegations 'lump all the defendants together in each claim and provide no factual basis to distinguish their conduct.'" *SCE Group Inc. v. City of New York*, 2020 WL 1033592, at *3 (S.D.N.Y. Mar. 3, 2020) (quoting *Atuahene*, 10 F. App'x at 34).

Here, on their *third* attempt to articulate their claims, Plaintiffs provide no differentiation amongst the thirty-eight Defendants and ten additional John and Jane Does named in the SAC. All Defendants are alleged to have participated in all fifteen claims. *See e.g.,* SAC ¶¶ 254, 260. As drafted, Plaintiffs appear to be claiming that *all* Defendants including the Governor of the State of New York and the former President of SUNY Purchase "committed battery" against them and stole their things. By lumping all Defendants together, Plaintiffs fail to meet the minimal requirements of the Federal Rules. *See Atuahene*, 10 F. App'x at 34.

### IV.    The SAC Should Be Dismissed Under the Doctrine of Qualified Immunity

Even if Plaintiffs had plausibly alleged the personal involvement of the State Defendants – they have not – their claims against the State Defendants should be dismissed as barred by qualified immunity. Government officials are shielded from liability for civil damages "unless the plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Baltas v. Jones*, 2025 WL 3628204, at *1 (2d Cir. Dec. 15, 2025). Put another way: "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Coollick v. Hughes*, 699 F.3d 211, 221 (2d Cir. 2012) (internal quotation marks and citation omitted); *see also Walker v. NYS*

2

*Just. Ctr. for Prot. of People with Special Needs*, 493 F. Supp. 3d 239, 250 (S.D.N.Y. 2020) (Román, J.) ("qualified immunity gives officials breathing room to make reasonable but mistaken judgments about open legal questions.").

Here, Plaintiffs appear to be alleging that the State Defendants violated their First Amendment rights when they enforced campus quiet hours after 10:00 p.m. But the Supreme Court has explicitly permitted time, place, and manner restrictions of the type at issue here. *See, e.g., Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 291 (1984) ("we seriously doubt that the First Amendment requires the Park Service to permit a demonstration in Lafayette Park and the Mall involving a 24-hour vigil and the erection of tents to accommodate 150 people."). Moreover, Plaintiffs cannot establish that the conduct at issue would have been understood by a reasonable defendant to be unlawful under then existing law. *Meyers v. City of New York*, 675 F. App'x 93, 95 (2d Cir. 2017) (ambiguities of fact and law entitled officials to qualified immunity in suit involving arrests following failure to disperse).

## V.    The Claims Against Defendants Hochul and Peña Should Be Dismissed

The SAC fails to state a claim against Governor Hochul and Former President Peña and both Defendants should be dismissed. As this Court held in *Anderson v. City of Mount Vernon*, 2024 WL 2158390, at *2 (S.D.N.Y. May 13, 2024) (Román, J.), "it is well settled that in order to hold a defendant responsible for a constitutional deprivation, a plaintiff must demonstrate *inter alia,* the defendant's personal involvement in the deprivation. To do so, the plaintiff must allege a tangible connection between the acts of a defendant and the injuries suffered." Moreover, "failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint fatally defective on its face." *Id.* "A defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996); *Anderson,* 2024 WL 2158390 ("Plaintiffs must establish that [Defendant] violated Plaintiffs' constitutional rights through his own conduct, not by reason of his supervision of others. . ."). Thus, to state a claim, Plaintiffs are required to plausibly allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

Here, the SAC must establish that Governor Hochul and former President Peña were *personally* involved in the alleged Constitutional violations to recover damages under § 1983. There are no such allegations. Rather, the sum total of the allegations against Defendants Hochul and Peña are three paragraphs that offer nothing. *See* SAC ¶¶ 16, 17, 73.

## VI.    Plaintiffs Fail to State a Claim

Finally, the SAC should be dismissed as Plaintiffs repeatedly fail to do more than recite the basic elements of the individual claims. *Iqbal*, 556 U.S. at 678 (a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement."). As Plaintiffs rely on speculative and conclusory allegations, each claim should be dismissed as against the State Defendants under Rule 12(b)(6).

Thank you for your Honor's consideration of this submission.

3

Respectfully submitted,

*/s/ Elizabeth B. Gates*
Elizabeth B. Gates
Special Litigation Counsel
(212) 416-6402
elizabeth.gates@ag.ny.gov
*Attorney for State Defendants*

cc: Counsel of Record (by ECF)

4